In re Chris Joseph SIMONETTI d/b/a Vaughn's Tropical Fish and Caroline Ann Simonetti, Debtor.

Bankruptcy No. 89–5155–9P7.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

July 18, 1990.

Philip L. Burnett, Fort Myers, Fla., for debtors.

Lyle & Skipper, P.A., Sun City Center, Fla., for BancBoston Mortg. Corp.

Alan L. Levine, Fort Lauderdale, Fla., Trustee.

ORDER ON MOTION FOR CONTEMPT AND SANCTIONS FOR VIOLATION OF ORDER LIFTING AUTOMATIC STAY AND INJUNCTION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon the Motion for Contempt and Sanctions for Violation of Order Lifting Automatic Stay and Injunction filed by Chris Joseph Simonetti, d/b/a Vaughn's Tropical Fish and Caroline Ann Simonetti in the above-captioned Chapter 7 case. The Debtors filed their Petition for Relief under Chapter 7 of the Bankruptcy Code in June 1989. In October 1989, BancBoston Mortgage Corporation, a servicing agent for Federal National Mortgage Association (FNMA), and a mortgagee holding a mortgage on the Debtors' home, filed a Motion for Relief from Stay. On November 16, 1989, this Court entered its Order granting the Motion for Relief from Stay, which provided that while FNMA may proceed in rem and foreclose its mortgage, it is not authorized to seek an in personam deficiency judgment against the Debtors. This Order was entered after the Debtors already received their general discharge which released the Debtors from all dischargeable debts.

It further appears that in April 1990, FNMA filed a Complaint in the Circuit Court and served a summons and complaint on the Debtors. In its Complaint, FNMA sought to obtain an in personam deficiency judgment against the Debtor in spite of the Order entered by this Court on November 16, 1989, and the general discharge. The Motion for Relief from Stay, its corresponding Order, and the foreclosure Complaint were all prepared by the law firm of Lyle & Skipper, P.A. Because FNMA sought a deficiency judgment in its Complaint, filing the Complaint and the service of the Complaint and summons clearly violated the November Order and the permanent injunction provided by § 524 of the Bankruptcy Code.

The matter under consideration is a Motion for Contempt and for Sanctions filed by the Debtor based on the facts recited. In their Motion, the Debtors seek to hold both FNMA and the law firm of Lyle & Skipper liable for the damages which the Debtors claim to have suffered due to the conduct described above and asks this Court to impose sanctions accordingly.

Lyle & Skipper concedes the facts as alleged by the Debtors; however, they urge in their defense that the portion of the Complaint which sought a deficiency judgment was merely generic language inadvertently left in the Complaint, and did not constitute a willful violation of either the automatic stay or the permanent injunction. In fact, Lyle & Skipper contend that they offered to execute a joint stipulation which provided that they would not seek an in personam deficiency judgment against the Debtors; however, the offer was made only after the Debtors' counsel filed this Motion. It appears that several attempts to contact both FNMA and Lyle & Skipper by counsel for the Debtors were of no avail, as they both failed to respond to his repeated calls and letters.

Based on the foregoing, this Court is satisfied that FNMA and its counsel, the law firm of Lyle & Skipper did, in fact, violate the terms of the Order which granted the relief from the automatic stay and the permanent injunction provided in the general discharge. Based on this, this Court is satisfied that these violations warrant the finding that FNMA and Lyle & Skipper are guilty jointly and severally of civil contempt.

This leaves for consideration the proper award to be made, if any, for the damages the Debtors have suffered as the result of these violations. It is without dispute that the offer by Lyle & Skipper to withdraw their request in the Circuit Court for an in personam deficiency money judgment against the Debtors was made only after the Debtors' counsel filed his Motion for the Imposition of Sanctions for the violation of the November Order and also the violation of the permanent injunction included in the general bankruptcy discharge. Thus, their obstinate failure to respond to calls and to correspondence made by Debtors' counsel to clear up this matter certainly caused the Debtors' damage and required the Debtors' counsel to request a hearing and appear in court to assert the rights of his clients and seek compensation for the damages. Based on the totality of the picture in this particular case, this Court is satisfied that a cavalier attitude of the law firm representing FNMA would certainly warrant to find them in civil contempt and to impose civil fine penalties in favor of the Debtors to compensate them for the damages they have suffered in the form of legal fees they have incurred which were necessary to assert their rights granted to them, not only by the Order entered in November in 1989, but also by the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Debtors' Motion for Contempt and Sanctions is granted and Federal National Mortgage Association and the law firm of Lyle & Skipper are ordered to pay to the Debtors the sum of $450 within ten (10) days of the date of the entry of this Order. As required by Bankruptcy Rule 9020(c), it is further

ORDERED, ADJUDGED AND DE-CREED that the Clerk of the Bankruptcy Court shall serve forthwith a copy of this Order of Contempt on the law firm of Lyle & Skipper and on FNMA and unless within ten (10) days after the service of this Order, this is challenged by the respondents, this Order shall have the same force and effect as an Order of Contempt entered by the District Court. If a timely objection is filed, the Clerk is directed to transmit the same to the District Court for its review.

DONE AND ORDERED.